## John Phleming *against* the State.

*1, This Court has not jurisdiction of points reserved, until final judgment of the Court below.*
*2, Not necessary that prisoner should be present at trial here.*
*3, Decision on application for new trial, on the ground that verdict was contrary to evidence, will not be reviewed here.*

*JOHN PHLEMING* was tried in the Circuit Court of *Blount* County, and found guilty of murder. He moved for a new trial, on the ground that the verdict was contrary to the evidence. The motion was overruled, the evidence spread on the Record, Judgment of death rendered against him, and the points arising on the Motion referred to this Court as novel and difficult.

Judge *Lipscomb* delivered the opinion of the Court.

In the consideration of this case, two preliminary questions present themselves. 1st, Can this Court take cognizance of a point reserved in the progress of the trial below? 2d, Is it necessary that the prisoner, who is appellant, should be present at the trial of his case here?

The Constitution of the State restricts this Court to appellate jurisdiction only, unless in the cases excepted, under such regulations as may from time to time be prescribed by law. The act of 1820 authorizes the Circuit Courts to refer, to the Supreme Court, questions of law, novel and difficult, and

arising in a criminal cause. We believe that this Act does not enlarge the jurisdiction, but that the only construction which can be given to it, consistently with the paramount law of the State, is that it provides an additional mode of bringing a cause of this nature into this Court, after final judgment shall have been rendered in the inferior Court.

The Constitution guarantees to the accused the right of being heard by himself and Counsel. It is said that he cannot be heard unless present. We are of opinion, that this guaranty applies only to the Courts in which the facts are to be enquired into, and the accused to be confronted by the witnesses against him.

We believe that the mode of bringing the case here could not enlarge or restrict the jurisdiction of this Court, and we proceed to examine it in the same way as any other.

The only matter assigned as Error, is the denial of a new trial, which was moved for, on the ground that the verdict was contrary to the evidence. On general principles, a Court of Appeals cannot revise decisions which were exclusively to the discretion of the inferior tribunal. Motions for new trial, for continuance, and a variety of others, are of this description. Among the authorities referred to, the first case in which it was decided that the Appellate Court would take cognizance of the denial of such a motion in the Court below, is from Washington's Reports. All the subsequent decisions in Virginia, as cited, appear to have been bottomed on this. The case cited from Haywood's Reports was an appeal from a judgment on a motion to quash an execution. Whether an execution could be quashed is clearly a question of law, cognizable by the Appellate Court. Whether a verdict is contrary to evidence or not, says judge *Livingston,* is matter of fact and not of law, and it is not competent for the Supreme Court to decide on facts. Several decisions of the Supreme Court of the United States recognize the same doctrine; one of them as late as the year 1810, after solemn argument, and long subsequent to the Virginia cases. We do not consider that we derogate any thing from the character of the Judiciary of Virginia in acknowledging the higher respect which we entertain for the Supreme Judicature of the United States. As long as its character shall be sustained by the talents and learning of such Judges as *Marshal, Story,* and other distinguished men, who are or have been members of that body, it will not detract from the State Courts to acknowledge its decisions as the law.

We are of opinion that there is no Error in the judgment of the Circuit Court.

The Chief Justice, having presided on the trial in the Circuit Court, gave no opinion.

John Phleming
v.
The State.

*Taylor*, *Kelly*, and *Hutchinson*, for appellant ; *Hitchcock*, Attorney General, for the State.